UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTOINETTE SMITH, | : | |
| | : | |
| Plaintiff | : | No. 3:13-CV-1667 |
| | : | |
| vs. | : | (Judge Nealon) |
| | : | |
| CAROLYN W. COLVIN, Acting | : | (Magistrate Judge Schwab) |
| Comissioner of Social Security, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

## BACKGROUND

On June 20, 2013, Plaintiff, Antoinette Smith, filed this instant appeal[1] under 42 U.S.C. § 405(g) for review of the decision of the Commissioner of Social Security denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401 et seq., 1381 et seq. (Doc. 1).

On August 20, 2013, Defendant filed an answer and transcript from the Social Security Administration ("SSA") proceedings. (Docs. 8 and 9). Plaintiff filed a brief in support of her complaint on October 1, 2013. (Doc. 10).

---

1. Under the Local Rules of Court "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal." M.D. Pa. Local Rule 83.40.1.

Defendant filed a brief in opposition on October 29, 2013. (Doc. 11). Plaintiff filed a reply brief on November 11, 2013. (Doc. 12). The case was referred to Magistrate Judge Susan E. Schwab on October 29, 2013. On August 29, 2014, Magistrate Judge Schwab issued a Report and Recommendation ("R&R"), recommending that Plaintiff's appeal from the Commissioner's decision be granted, and the case be remanded to the Commissioner for further proceedings. (Doc. 17, p. 27). Objections to the R&R were filed on September 12, 2014. (Doc. 18). Plaintiff filed a reply brief to the objections on September 16, 2014. (Doc. 19). The matter is ripe for disposition, and, for the reasons set forth below, the Objections will be overruled, the R&R will be adopted, Plaintiff's appeal will be granted, the decision of the Commissioner denying Plaintiff's application for SSI will be vacated, and the case will be remanded to the Commissioner for further proceedings.

**STANDARD OF REVIEW**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a <u>de novo</u> review of those portions of the report to which specific objections are made. See <u>Henderson v. Keisling</u>, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the

District Court") (citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process")). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**DISCUSSION**

Upon review, it is determined that the Magistrate Judge did not err in concluding that the decision of the administrative law judge ("ALJ"), that Plaintiff

was not disabled, is not supported by substantial evidence. In the R&R, Magistrate Judge Schwab accurately set forth the procedural history, standard of review, and sequential evaluation process. (Doc. 17, pp. 1-5, 22-24). Also, the Magistrate Judge adequately analyzed the findings of the ALJ and the evidence of record. (Id. at 4-22). A review of the entire record reveals no clear error in Magistrate Judge Schwab's Report and Recommendation, as will be discussed below in greater detail.

On appeal, as noted in the R&R, Plaintiff argued that substantial evidence does not support the ALJ's finding that Plaintiff was not disabled because the ALJ erred by: (1) not acknowledging and/ or evaluating all medically determinable impairments established by the record; (2) not properly evaluating Dr. Yaroslavsky's opinion; and (3) not properly assessing her residual functional capacity ("RFC"). (Doc. 10, p. 23).

The Magistrate Judge determined that the ALJ erred in not considering the following medically determinable impairments at step two of the sequential evaluation process that were detailed at length in the record: (1) Plaintiff's mental health impairments including major depressive disorder, anxiety disorder, dysthymic disorder, bipolar disorder, and panic disorder; and (2) Plaintiff's physical impairments including headaches and left eye blindness. (Doc. 17, p. 26).

Based on precedential cases from the Middle District of Pennsylvania that have held that all of the medically determinable impairments, both severe and non-severe, must be considered at step two by the ALJ, Magistrate Judge Schwab concluded the following:

> The ALJ's failure to find at step two that such impairments were medically determinable or to provide an adequate explanation for the lack of a finding regarding such impairments renders his decisions at step [sic] two and prior to step four of the sequential evaluation process defective. This step two error compels the conclusion that the ALJ's RFC analysis was not based on all of [Plaintiff's] medically determinable impairments, thus providing a sufficient basis for remand.

(Id.); See Shedden v. Astrue, 2012 U.S. Dist. LEXIS 30467, *37 (M.D. Pa. Mar. 7, 2012) (Rambo, J.). The Magistrate Judge found it unnecessary to address Plaintiff's remaining two (2) contentions because of the step two error. (Doc. 17, p. 27). Having determined that the ALJ's decision was not supported by substantial evidence, Magistrate Judge Schwab recommended that Plaintiff's appeal be granted, and that the matter be remanded to the Commissioner for further proceedings. (Id.).

Defendant objects to Magistrate Judge Schwab's recommendation, asserting that remand is not warranted because the ALJ's step two determination establishing which of Plaintiff's medically determinable impairments were severe and non-severe was made in accordance with relevant legal standards. (Doc. 18,

pp. 3-6). More specifically, Defendant contends that precedent has determined that "'even if [the ALJ] has erroneously concluded that some of [the claimant's] other impairments were not severe, any error [would be] harmless.'" (Doc. 18, p. 5) (quoting Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 145 n.2 (3d Cir. 2006)).

However, this objection is a reiteration of an assertion Defendant raised in her brief in opposition that was addressed in the R&R by Magistrate Judge Schwab. (Doc. 11, pp. 18-21); (Doc. 17, pp. 24-27). Consequently, because Defendant is merely repeating arguments that were thoroughly addressed by the Magistrate Judge, and is not making specific objections to the R&R, judicial economy[2] demands they be reviewed for clear error as opposed to de novo review. See Hutson v. Vaughn, 2004 WL 717178 (E.D. Pa. 2004) (overruling the objections after determining that petitioner's objections simply restated his prior contentions and that the Magistrate Judge properly reviewed the arguments in the Report and Recommendation), affirmed, 262 Fed. Appx. 474 (3d Cir. 2008). See also Cruz, 990 F. Supp. at 377 (In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects

---

2. The United States District Court for the Middle District of Pennsylvania currently has approximately three-hundred and fifty (350) pending Social Security Disability Appeals.

the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings.).

Furthermore, even if the objection were proper, Plaintiff does not argue that the ALJ failed to find the unmentioned impairments as severe, but rather that the ALJ had the duty to mention all medically determinable impairments at step two, regardless of whether the ALJ determined these impairments to be severe or non-severe, and the ALJ's failure to do so renders his determination defective. See Shedden v. Astrue, 2012 U.S. Dist. LEXIS 30467, *37 (M.D. Pa. Mar. 7, 2012) (Rambo, J.) (holding "[a] failure to find a medical condition severe at step two will not render a decision defective if some other medical condition was found severe at step two. However, all of the medically determinable impairments both severe and non-severe must be considered at step two and then at step four when setting the [RFC]"); Crayton v. Astrue, 2011 U.S. Dist. LEXIS 110315, *15 (M.D. Pa. May 18, 2011) (Muir, J.) ("The failure of the [ALJ] to find the above noted condition as medically determinable impairments, or to give an adequate explanation for discounting them, makes the subsequent steps of the sequential evaluation process defective."). Therefore, Defendant's objection is based on a misinterpretation of Plaintiff's argument, and Plaintiff is correct that the ALJ had the duty to acknowledge all medically determinable impairments regardless of whether they were severe or not.

Consequently, Defendant's second objection, which asserts that the ALJ's RFC analysis at step four is supported by substantial evidence, is overruled because, as held by Judge Kosik of the Middle District of Pennsylvania, an ALJ's failure to mention all medically determinable impairments renders the ALJ's RFC determination at step four as defective. See Little v. Astrue, 2011 U.S. Dist. LEXIS 150308 (M.D. Pa. Sept. 14, 2011) (Kosik, J.) ("In this case, the record suggests that [the plaintiff] suffered from a low back condition that caused pain. The failure of the [ALJ] to find that condition as a medically determinable impairment, or to give an adequate explanation for discounting it, makes his decision at step four of the sequential evaluation process defective."). Furthermore, this objection also lacks specificity because it is a reiteration of Defendant's contentions in his brief in opposition that Magistrate Judge Schwab acknowledged in the R&R, but did not consider because of the step two defect. (Doc. 11, pp. 27-29). As such, this objection is overruled.

After a review of the R&R and objections, it is determined that there is no clear error with Magistrate Judge Schwab's conclusion that substantial evidence does not support the ALJ's step two determination because he failed to mention all medically determinable impairments. Furthermore, there is no clear error with Magistrate Judge Schwab's decision to decline from addressing the merits of the

remaining claims. As such, the objections will be overruled, and the R&R will be adopted.

**CONCLUSION**

In the absence of specific objections, and having reviewed the Report and Recommendation for clear error and finding none, Defendant's objections will be overruled, Magistrate Judge Schwab's Report and Recommendation will be adopted, Plaintiff's appeal will be granted, the Commissioner's decision will be vacated, and the matter will be remanded to the Commissioner for further proceedings.

A separate Order will be issued.

Date: September 22, 2014

                                                                   United States District Judge